**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Dennis Larson, a Minnesota resident, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR SANCTIONS** |
| vs. | ) | **AGAINST DEFENDANT GRANITE RE,** |
| | ) | **INC.** |
| Gerald J. Martin, individually and d/b/a | ) | |
| Martin & Son Construction, North Dakota | ) | Case No. 4:05-cv-047 |
| residents, and Granite Re, Inc., an | ) | |
| Oklahoma corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Dennis Larson's Motion for Sanctions filed on June 29, 2006. For the reasons set forth below the motion is denied.

**I.   BACKGROUND**

This dispute arises out of a contract associated with a road construction project on the Turtle Mountain Indian Reservation. The plaintiff, Dennis Larson, entered into an agreement with Gerald J. Martin, d/b/a Martin & Son Construction ("Martin") to furnish labor and equipment for the project. See Complaint, Ex. A. Larson entered into an equipment lease agreeing to lease Martin certain earth moving equipment for the project. Pursuant to the contract, Martin was required to post a Subcontractor Labor and Material Payment Bond for the full value of Martin's work on the project. Defendant Granite Re, Inc. ("Granite Re") issued Martin two bonds.

It appears that the project was not completed and that Martin failed to make payments to Larson in accordance with the agreements. As a result, Larson filed suit against Gerald Martin and Granite Re in United States District Court for the District of North Dakota on March 23, 2005. See

1

Docket No. 1.

On May 13, 2005, Larson sought entry of default and default judgment as to Martin. See Docket Nos. 9 & 10. On May 23, 2005, Larson and Granite Re filed a stipulation for the entry of default judgment against Martin. See Docket No. 15. The stipulation stated, in part, as follows:

1.  Granite Re stipulate to the Court entering the Default Judgment against Martin.

2.  Larson and Granite Re, Inc. stipulate, notwithstanding Paragraph 1 hereof, that the Court's entry of Default Judgment against Martin shall not constitute issue preclusion or otherwise bind, prejudice of affect Granite Re's defense to Larson's Complaint.

See Docket No. 15.

On May 25, 2006, the Court received a letter from Defendant Martin who appeared to be acting pro se. See Docket No. 16. The Court treated the letter as a special appearance and a Motion to Dismiss for lack of jurisdiction. On June 21, 2005, the Court set a briefing schedule in regard to Martin's pro se motion. See Docket No. 23. Martin had until July 5, 2005, to file a brief in support of his motion, and Larson and Granite Re had until August 5, 2005, to file a response to the motion. The Court also delayed ruling on the issue of default until the motion to dismiss had been resolved.

On July 7, 2005, Martin filed a pro se brief in support of his motion to dismiss. See Docket No. 24. On August 8, 2005, Larson filed a response to the motion to dismiss. See Docket No. 25. On September 9, 2005, the Court denied Martin's motion to dismiss. See Docket No. 26. The Court also denied Larson's motion for default and default judgment noting that it was now inappropriate given that Martin has made an appearance. See Docket No. 26.

On November 10, 2005, Larson renewed his motion for default and default judgment asserting Martin had failed to answer the complaint. See Docket No. 28. On November 10, 2005,

the Court entered default judgment against Martin. See Docket No. 29.

Larson's request for sanctions was filed by the Minneapolis law firm of Fredrickson & Byron, P.A. and is based primarily on the actions of Granite Re surrounding Larson's first motion for default judgment. Shortly before Larson and Granite Re entered into the stipulation for default judgment against Martin, Granite Re's claims representative, Joyce Holliday, sent Martin a letter prepared by one of Granite Re's attorneys, Christine Longe of the Minneapolis firm of Gregorson, Rosow, Johnson & Nilan, Ltd. See Docket No. 51-7. Exhibit G. Granite Re admits that one of its attorneys drafted the letter. However, Granite Re attempts to distinguish the legal advice given to Martin by describing it as "short-term, informal assistance." Granite Re also admits that it advised Martin that "it could not, and would not, provide sustaining legal services to Martin because of the inherent conflict of interest in light of Martin's liability to Granite for any losses sustained by Granite occasioned by Larson's claim." See Docket No. 55.

Larson asserts that Granite Re's actions resulted in additional legal costs of $10,830.00 and lost rents of $157,025.00. Larson is seeking sanctions in the amount of $167,855.00. Granite Re contends that its counsel did not act in bad faith or with intentional or reckless disregard of duties to the Court.

## II.     LEGAL DISCUSSION

The United States Supreme Court has held that federal courts have the inherent power to impose sanctions on parties who abuse the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32 (1991). The Supreme Court held

> a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. In this regard, if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party, as it may when a party shows bad faith by delaying or disrupting the litigation, or by hampering enforcement of a court order. The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy.

Chambers v. NASCO, Inc., 510 U.S. 32, 45-46 (1991) (internal quotations and citations omitted); see also Stevenson v. Union Pacific R.R. Co., 354 F.3d 739, 745 (8th Cir. 2004); Kelly v. Golden, 352 F.3d 344, 352-353 (8th Cir. 2003).

28 U.S.C. § 1927 sets forth a statutory authority for imposing sanctions, which provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Section 1927 warrants sanctions when an attorney's conduct 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003) (citing Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990)). The Eighth Circuit has indicated that the language of 28 U.S.C. § 1927 appears to require a finding of objectively unreasonable behavior and a finding of bad faith. NAACP v. Atkins, 908 F.2d 336, 340

4

(8th Cir. 1990).  It is well-established that the party seeking sanctions may establish counsel's bad faith by showing intentional or reckless disregard of the attorney's duties to the court.  Mortice v. Providian Financial Corp., 283 F. Supp. 2d 1084, 1087 (D. Minn. 2003).  Sanctions imposed in accordance with 28 U.S.C. § 1927 are discretionary.  Burull v. First Nat. Bank of Minneapolis, 831 F.2d 788, 790 (8th Cir. 1987).  The Eighth Circuit has warned that "[b]ecause section 1927 is penal in nature, it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'"  Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999) (quoting Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1416 (5th Cir. 1994)).  Ultimately, "[t]he imposition of sanctions is a serious matter and should be approached with circumspection."  O'Connell v. Champion Intern. Corp., 812 F.2d 393, 395 (8th Cir. 1987).

It is undisputed that Martin sent a copy of the letter drafted by Granite Re's counsel to the Court.  See Docket No. 16.  The brief filed by Martin is virtually identical to the letter drafted by Granite Re's counsel.  See Docket No. 24.  It is clear that Granite Re's counsel was aware of, and to some extent assisted in, Martin's attempt to avoid default judgment.  Although the actions of Granite Re's counsel were ill-advised, the Count finds that the attorney's conduct does not rise to the level of misconduct or "bad faith" required by 28 U.S.C. § 1927.  Nor does the Court find it necessary to invoke its inherent power to impose sanctions.  The Court has carefully reviewed the entire record and, in the exercise of its broad discretion, will not impose sanctions in this case.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** the Plaintiff's Motion For Sanctions. (Docket No. 51).

**IT IS SO ORDERED.**

Dated this 25th day of July, 2006.

                                              */s/  Daniel L. Hovland*
                                              Daniel L. Hovland, Chief Judge
                                              United States District Court